Mr. Charles S. Embry, Jr. Attorney at Law 220 N. Willow, Suite 204-205 North Little Rock, AR 72114
Dear Mr. Embry:
This is in response to your request, pursuant to A.C.A. § 7-9-107
(Repl. 1993), for certification of the following proposed popular name and ballot title for a proposed constitutional amendment:
(Popular Name)
 AN AMENDMENT TO PERMIT INSTALLATION, USE, AND GAMBLING BY SLOT MACHINES AND ELECTRONIC GAMES OF CHANCE IN ALL HOTELS AND MOTELS IN THE STATE OF ARKANSAS PROVIDED THAT EACH SAID HOTEL OR MOTEL HAS ONE HUNDRED FORTY-FIVE (145) RENTABLE ROOMS FOR PUBLIC ACCOMMODATION AND POSSESS A VALID LICENSE OR PERMIT FROM THE STATE TO SELL AND OR DISTRIBUTE ALCOHOLIC BEVERAGES WITHIN THE PREMISES
(Ballot Title)
 A PROPOSED AMENDMENT TO THE ARKANSAS CONSTITUTION TO CREATE THE ARKANSAS GAMING COMMISSION; DEFINING "LIMITED CASINO GAMBLING" AS PERMITTING GAMBLING BY SLOT MACHINES OR ELECTRONIC GAMES OF CHANCE IN ALL HOTELS OR MOTELS IN THIS STATE SUBJECT TO CERTAIN RESTRICTION LISTED BELOW; REQUIRING THAT EACH HOTEL OR MOTEL HAS ONE HUNDRED FORTY-FIVE (145) RENTABLE ROOMS FOR PUBLIC OVERNIGHT ACCOMMODATION; REQUIRING THAT EACH HOTEL OR MOTEL HOLDS OR POSSESS A VALID LICENSE OR PERMIT FROM THE ARKANSAS ALCOHOL BEVERAGE CONTROL COMMISSION; REQUIRING EACH HOTEL OR MOTEL TO OBTAIN A LIMITED CASINO GAMBLING PERMIT FROM THE ARKANSAS GAMING COMMISSION BEFORE IMPLEMENTING LIMITED CASINO GAMBLING ON THEIR PREMISES; FOR AUTHORIZATION OF THE ARKANSAS GAMING COMMISSION TO PROMULGATE RULES AND REGULATIONS REGARDING LIMITED CASINO GAMBLING IN SAID HOTELS OR MOTELS; LIMITING THE NATURE, TYPE AND MANNER OF GAMBLING ACTIVITIES THAT MAY BE CONDUCTED BY HOTELS AND MOTELS; LIMITING THE NUMBER OF SLOT MACHINES OR ELECTRONIC GAMES OF CHANCE BASED ON THE NUMBER OF RENTABLE ROOMS WHICH A HOTEL OR MOTEL MAY POSSESS; PERMIT THE COMMISSION TO IMPOSE AND COLLECT A SPECIAL FEE FOR EACH GAMBLING PERMIT IT ISSUES; IMPOSING A SPECIAL TAX ON EACH HOTEL OR MOTEL WHICH CONDUCTS LIMITED CASINO GAMBLING ON ITS PREMISES; DEFINING CERTAIN TERMS USED WITHIN THIS AMENDMENT; DIRECTING THE GENERAL ASSEMBLY TO IMPLEMENT ALL PROVISIONS OF THIS AMENDMENT; REPEALING ALL PROVISIONS AND LAWS TO THE EXTENT THEY CONFLICT WITH THIS AMENDMENT; DECLARING THE PROVISIONS OF THIS AMENDMENT SEVERABLE; PROVIDING THIS AMENDMENT EFFECTIVE AND OPERATIVE UPON THE APPROVAL OF THIS VOTERS; AND FOR ALL OTHER PURPOSES.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed."Bailey v. McCuen, 318 Ark. 277, 285, ___ S.W.2d ___ (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990),Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hobanv. Hall, supra, and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
(Popular Name)
 AN AMENDMENT TO AUTHORIZE SLOT MACHINES AND ELECTRONIC GAMES OF CHANCE IN HOTELS AND MOTELS IN THE STATE OF ARKANSAS
(Ballot Title)
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO AUTHORIZE "LIMITED CASINO GAMBLING," DEFINED AS GAMBLING BY SLOT MACHINES OR ELECTRONIC GAMES OF CHANCE, IN DULY REGISTERED HOTELS AND MOTELS IN THIS STATE; REQUIRING SUCH HOTELS AND MOTELS TO HAVE A MINIMUM OF ONE HUNDRED FORTY-FIVE (145) RENTABLE SLEEPING ROOMS FOR PUBLIC OVERNIGHT ACCOMMODATION, TO OBTAIN A "LIMITED CASINO GAMBLING" PERMIT, AND TO POSSESS A VALID LICENSE OR PERMIT FROM THE ARKANSAS ALCOHOLIC BEVERAGE CONTROL BOARD; PROVIDING THAT "LIMITED CASINO GAMBLING," AS DEFINED HEREIN, SHALL BE UNDER THE JURISDICTION AND REGULATORY AUTHORITY OF THE ARKANSAS GAMING COMMISSION, ("THE COMMISSION") ALSO CREATED HEREIN, COMPOSED OF FIVE (5) MEMBERS NOMINATED BY THE GOVERNOR AND CONFIRMED BY A MAJORITY OF THE ARKANSAS SENATE, WHOSE TERMS, DUTIES, AND SALARIES SHALL BE DETERMINED BY THE GENERAL ASSEMBLY; DIRECTING THE GENERAL ASSEMBLY TO ENACT LEGISLATION AUTHORIZING THE COMMISSION TO PROMULGATE RULES AND REGULATIONS GOVERNING THE QUALIFICATION OF HOTELS AND MOTELS TO OBTAIN A "LIMITED CASINO GAMBLING" PERMIT, THE SPECIFIC LOCATIONS AND SITES WITHIN A HOTEL OR MOTEL THAT MAY BE UTILIZED FOR SAID GAMBLING, AND THE CONDUCT OF THE GAMBLING; AUTHORIZING THE COMMISSION TO REVOKE OR SUSPEND ANY PERMIT ISSUED SHOULD THE COMMISSION FIND PROBABLE CAUSE THAT A VIOLATION OF ANY COMMISSION RULES OR REGULATIONS HAS BEEN VIOLATED; DIRECTING THE GENERAL ASSEMBLY TO PROVIDE AVENUES OF REVIEW AND APPEAL FROM ANY DISCIPLINARY ACTION EXERCISED BY THE COMMISSION; PERMITTING THE COMMISSION TO IMPOSE FEES FOR EACH PERMIT ISSUED OR FOR EACH SLOT MACHINE OR ELECTRONIC GAME INSTALLED AND USED; DIRECTING THE GENERAL ASSEMBLY TO LEVY A ONE PERCENT (1%) TAX AGAINST THE GROSS RECEIPTS THAT EACH HOTEL OR MOTEL SHALL GENERATE FROM "LIMITED CASINO GAMBLING" FOR OPERATING FUNDS FOR THE COMMISSION; PROHIBITING ANY PERSON UNDER THE AGE OF TWENTY-ONE (21) FROM PARTICIPATING IN ANY "LIMITED CASINO GAMBLING" ACTIVITIES OR FROM ENTERING ANY AREA WITHIN A HOTEL OR MOTEL IN WHICH SAID GAMBLING IS BEING CONDUCTED; RESTRICTING EACH HOTEL OR MOTEL TO ONE SLOT MACHINE OR ELECTRONIC GAME OF CHANCE FOR EVERY TWO RENTABLE SLEEPING ROOMS; AUTHORIZING EACH HOTEL OR MOTEL TO CONDUCT "LIMITED CASINO GAMBLING" AND THE SALE OR COMPLIMENTARY DISTRIBUTION OF ALCOHOLIC BEVERAGES TWENTY-FOUR (24) HOURS A CALENDAR DAY; DIRECTING EACH HOTEL OR MOTEL TO PAY A FIVE PERCENT (5%) TAX ON THE GROSS RECEIPTS OF ITS "LIMITED CASINO GAMBLING" REVENUES, WHICH TAX SHALL BE DEPOSITED INTO THE GENERAL FUND OF THE STATE OR ALLOCATED TO STATE AGENCIES; DIRECTING THE GENERAL ASSEMBLY TO ENACT LEGISLATION TO ENABLE AND EFFECT THE IMPLEMENTATION OF THIS AMENDMENT WITHIN SIXTY (60) DAYS OF ITS ADOPTION AND TO ENACT LEGISLATION DEALING WITH ALL MATTERS NOT ENUMERATED HEREIN; DECLARING THE PROVISIONS OF THIS AMENDMENT SEVERABLE; REPEALING ALL CONSTITUTIONAL PROVISIONS AND LAWS IN CONFLICT WITH THE AMENDMENT; MAKING THE AMENDMENT EFFECTIVE UPON PASSAGE.
Pursuant to A.C.A. § 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB:SLJ/cyh